UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PATRICIA CICCONE,

    Plaintiff,

vs.

METROPOLITAN LIFE INSURANCE
COMPANY

    Defendant.
_____)

## COMPLAINT

The Plaintiff, Patricia Ciccone ("CICCONE"), by and through the undersigned counsel, hereby sues Metropolitan Life Insurance Company ("METLIFE") and alleges:

## PRELIMINARY ALLEGATIONS

1. "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under and employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, pre-judgment and post-judgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2. CICCONE was at all times relevant a plan participant under the Sidney Austin LLP

Long Term Disability Policy, Group No.: 122190-1-G ("LTD" Plan).

3. Defendant, METLIFE, is a corporation with its principal place of business in the State of New York, authorized to transact and transacting business in the Southern District of Florida. METLIFE is the insurer of benefits under the Sidney Austin LTD Plan and acted in the capacity of a plan administrator. As the decisionmaker and payor of plan benefits, METLIFE administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. The METLIFE LTD Plan is an employee welfare benefit plan regulated by ERISA, established by Sidney Austin LLP, under which CICCONE was a participant, and pursuant to which CICCONE is entitled to Long Term Disability benefits ("LTD benefits"). Pursuant to the terms and conditions of the LTD Plan, CICCONE is entitled to LTD benefits for the duration of the Plaintiff's disability, for so long as CICCONE remains disabled as required under the terms and conditions of the LTD plan.

5. Venue is appropriate as METLIFE is authorized and is conducting business in this Court's jurisdiction and CICCONE is a resident of Palm Beach County, Florida.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

6. CICCONE incorporates by reference all preceding paragraphs as though fully set forth herein.

7. At all times relevant, CICCONE was an employee or former employee of Sidney Austin LLP and a plan participant under the terms and conditions of the LTD Plan.

8. During the course of CICCONE's employment, CICCONE became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while CICCONE was

covered under the LTD Plan, CICCONE suffered a disability rendering her disabled as defined under the terms of the LTD Plan, the nature of which is discussed in detail within the administrative record.

9. Prior to filing for disability, CICCONE worked as a Finance Attorney for Sideny Austin.

10. Pursuant to the LTD Plan, Disabled or Disability means that, due to Sickness or as a direct result of accidental injury (1) you are receiving Appropriate Care and Treatment and complying with the requirements of such treatment and (2) You are, during the Elimination Period and the next 60 months of Sickness or accidental injury (a) unable to earn more than 80% of Your Predisability Earnings at Your Own Occupation from any employer in Your Local Economy; and (b) unable to perform each of the material duties of Your Own Occupation; and (3) You are, after such period (a) unable to earn more than 80% of Your Predisability Earnings at any gainful occupation from any employer in Your Local Economy; and (b) unable to perform the duties of any gainful occupation for which You are reasonably qualified taking into account your training, education and experience

11. CICCONE's claim is currently under the Your Own Occupation definition of disability.

12. CICCONE initially filed a claim for disability with an effective date of disability of June 19, 2019.

13. Following the applicable Elimination Period, LTD benefits became payable as of December 17, 2019.

14. METLIFE initially approved CICCONE's claim for LTD Benefits based on a medical condition that is subject to a 24-month limitation for the payment of benefits. In making this

determination, METLIFE argued that CICCONE's medical conditions that would not be subject to a 24 month limitation on benefits did not rise to a level of impairment that would result in Disability under the LTD Plan.

15. On November 18, 2021, METLIFE advised CICCONE that it was terminating her claim effective December 16, 2021, on account of the application of the 24 month limitation language contained in the LTD Plan.

16. On March 10, 2022, the Social Security Administration advised CICCONE that it had approved claim for Social Security Disability benefits with an effective date of June 21, 2019.

17. On June 13, 2022, CICCONE submitted her administrative appeal of METLIFE's denial and in doing so provided updated medical information, to include functional and cognitive testing, that established she was disabled due to physical medical conditions.

18. During the course of the appeal review METLIFE had CICCONE's medical records reviewed by two peer review doctors.

19. Despite not having examined CICCONE or having spoken to her treatment providers the peer review doctors determined that CICCONE had no medically necessary restrictions and limitations.

20. CICCONE's treatment providers responded in disagreement to the opinions of the METLIFE peer review doctor reports.

21. METLIFE never had CICCONE physically examined despite having the ability and right to do so under the LTD Plan.

22. On October 4, 2022, METLIFE advised CICCONE that it was upholding the denial of her claim for LTD Benefits.

23. CICCONE has exhausted all administrative remedies.

24. METLIFE breached the LTD Plan and violated ERISA in the following respects:

   a. Failing to pay LTD benefits to CICCONE at a time when METLIFE and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as CICCONE was disabled and unable to work and therefore entitled to benefits.

   b. After CICCONE's claim was denied in whole or in part, METLIFE failed to adequately describe to CICCONE any additional material or information necessary for CICCONE to perfect her claim along with an explanation of why such material is or was necessary.

   c. METLIFE failed to properly and adequately investigate the merits of CICCONE's disability claim and failed to provide a full and fair review of CICCONE's claim.

25. CICCONE believes and alleges that METLIFE wrongfully denied her claim for LTD Benefits under the LTD Plan by other acts or omissions of which CICCONE is presently unaware, but which may be discovered in this future litigation and which CICCONE will immediately make METLIFE aware of once said acts or omissions are discovered by CICCONE.

26. As a proximate result of the aforementioned wrongful conduct of METLIFE under the LTD Plan, CICCONE has damages for loss of disability benefits in a total sum to be shown at the time of trial.

27. As a further direct and proximate result of this improper determination regarding CICCONE's claims for benefits, CICCONE, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), CICCONE is entitled to have such fees and costs paid by METLIFE.

28.     The wrongful conduct of METLIFE has created uncertainty where none should exist; therefore, CICCONE is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, Patricia Ciccone prays for relief against the Metropolitan Life Insurance Company as follows:

1.      Payment of disability benefits due Plaintiff;

2.      An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3.      In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4.      Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5.      Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6.      Such other and further relief as this Court deems just and proper.

DATED: October 21, 2022

                                        ATTORNEYS DELL AND SCHAEFER, CHARTERED
                                        Attorneys for Plaintiff
                                        2625 Weston Road
                                        Weston, FL 33331
                                        (954) 620-8300

                                        /s/ *Stephen F. Jessup*
                                        STEPHEN F. JESSUP, ESQUIRE
                                        Florida Bar No.: 0026264
                                        Email: stephen@diattorney.com
                                        JEREL C. DAWSON
                                        Florida Bar No.: 152390
                                        Email: jerel@diattorney.com